IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANGELA LYONS,             :

       Plaintiff,

   v.                     :      Case No. 3:14-cv-21-WHR

PATRICK R. DONAHOE,               JUDGE WALTER H. RICE
Postmaster General, United
States Postal Service,          :

       Defendant.

---

DECISION AND ENTRY SUSTAINING IN PART WITH PREJUDICE AND
OVERRULING IN PART WITHOUT PREJUDICE DEFENDANT PATRICK
R. DONAHOE'S MOTION FOR SUMMARY JUDGMENT (DOC. #20);
DISMISSING WITH PREJUDICE PLAINTIFF ANGELA LYONS'S COUNT
IV (BREACH OF PUBLIC POLICY) IN ITS ENTIRETY, COUNT II
(DISABILITY DISCRIMINATION) TO THE EXTENT CLAIM BASED ON
ALLEGED FAILURE TO ACCOMMODATE OR DENIAL OF OVERTIME,
AND COUNTS I (RACIAL DISCRIMINATION) AND
V (RETALIATION/WRONGFUL TERMINATION) TO THE EXTENT
THOSE CLAIMS ARISE FROM ALLEGED DENIAL OF OVERTIME;
PLAINTIFF ORDERED TO SHOW CAUSE WITHIN TWENTY-EIGHT (28)
DAYS AS TO WHY COURT SHOULD NOT DISMISS COUNT III
(HOSTILE WORK ENVIRONMENT) FOR LACK OF SUBJECT MATTER
JURISDICTION; PLAINTIFF'S PRAYER FOR PUNITIVE DAMAGES IN
HER COMPLAINT (DOC. #1) STRICKEN; DEFENDANT MAY RENEW
MOTION FOR SUMMARY JUDGMENT IF SUPPORTED BY EVIDENCE
ADMISSIBLE UNDER FED. R. CIV. P. 56

---

Plaintiff Angela Lyons ("Plaintiff" or "Lyons") alleged that employees of

Patrick R. Donahoe, who is being sued in his official capacity as Postmaster

General ("Defendant"), subjected her to racial discrimination (Count I), disability

discrimination (Count II) and retaliation (Count V) on four occasions between April,

2011, and May, 2011, while she was employed by the United States Postal
Service ("USPS"). Plaintiff claims that Defendant's actions violated her rights
under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title
VII"); the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq.* ("Rehabilitation
Act")[1]; and the Fourteenth Amendment to the U.S. Constitution (action brought
under 42 U.S.C. §§ 1981 and 1983) and Ohio Rev. Code § 4112.01 *et seq.* Doc.
#1. Plaintiff further alleged that Defendant failed to provide a reasonable
accommodation for her disability (Count II), subjected her to a hostile work
environment (Count III) and committed a breach of public policy (Count IV). *Id.*
This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367. Defendant now
moves for summary judgment. Doc. #20. For the reasons set forth below, his
motion is SUSTAINED IN PART WITH PREJUDICE AND OVERRULED IN PART
WITHOUT PREJUDICE.

## I.    SUMMARY JUDGMENT STANDARD

Summary judgment shall be granted "if the movant shows that there is no
genuine dispute as to any material fact and the movant is entitled to judgment as a
matter of law." Fed. R. Civ. P. 56(a). Summary judgment must be entered
"against a party who fails to make a showing sufficient to establish the existence

---

[1] Plaintiff originally brought her disability discrimination and failure to accommodate claim under the
Americans with Disabilities Act of 1990, 42 U.S.C. § 12111 *et seq.* Doc. #1. However, the
parties agree that Plaintiff's disability claim is properly raised under the Rehabilitation Act, Doc.
#20, PAGEID #70; Doc. #30, PAGEID #293-94, and the Court construes her claim as though
brought under the Rehabilitation Act. *Plautz v. Potter*, No. 04-6105, 156 F. App'x 812, 815-16
(6th Cir. 2005).

of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.265 (1986). The moving party always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323; *see also Boretti v. Wiscomb*, 930 F.2d 1150, 1156 (6th Cir. 1991).

Once the moving party has met its initial burden, the nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Rule 56 "requires the nonmoving party to go beyond the pleadings," and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324. "The plaintiff must present more than a scintilla of evidence in support of his position; the evidence must be such that a jury could reasonably find for the plaintiff." *Michigan Prot. & Advocacy Serv., Inc. v. Babin*, 18 F.3d 337, 341 (6th Cir. 1994).

"Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.  In determining whether a genuine dispute of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in favor of that party. *Id.* at 255.  If the parties present conflicting evidence, a court may not decide which evidence to believe.  Credibility determinations must be left to the fact-finder.  10A Wright, Miller & Kane, *Federal Practice and Procedure Civil 3d*, 2726 (1998).

In determining whether a genuine dispute of material fact exists, a court need only consider the materials cited by the parties.  Fed. R. Civ. P. 56(c)(3).  "A district court is not . . . obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989).  If it so chooses, however, the court may also consider other properly presented materials in the record.  Fed. R. Civ. P. 56(c)(3).

## II.    SUFFICIENCY OF DEFENDANT'S EVIDENCE

### A.    Legal Standard

Evidence offered under Rule 56 in support of or in opposition to a motion for summary judgment "need not be in admissible <u>form</u>, but its <u>content</u> must be admissible." *Bailey v. Floyd Cty. Bd. of Educ.*, 106 F.3d 135, 145 (6th Cir. 1997))

4

(emphasis in original); *see also* Fed. R. Civ. P. 56(c)(4) ("affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.").  In other words, the Court will not exclude an affidavit or other evidence, such as deposition testimony, simply because such items would not normally be admissible at trial in lieu of live testimony.  However, the Court will exclude such materials if their contents would be inadmissible at trial, *e.g.*, the statements contained in the affidavit are not based on personal knowledge, or the statements in the deposition testimony or exhibits are themselves inadmissible hearsay.

Additionally, for evidentiary materials to be considered by the Court, they must be properly authenticated; that is, the offerant must "produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a).  "[T]he party arguing for admission bears the burden of establishing the proper foundation for the admissibility" of the proffered evidence. *Liadis v. Sears, Roebuck & Co.*, No. 01-3230, 47 F. App'x 295, 303 (6th Cir. 2002) (citing *Mitroff v. Xomox Corp.*, 797 F.2d 271, 275 (6th Cir. 1986)).

### B.    Defendant's Evidence

#### 1.    Transcripts of Sworn Testimony

In support of his motion for summary judgment, Defendant attached as exhibits what purport to be the November 19, 2012, testimony of Vivian Carpenter

5

("Carpenter"), Doc. #20-1, Karen Garber ("Garber"), Doc. #20-3, and Michael Mudhenk ("Mudhenk"), Doc. #20-5, before an Equal Employment Opportunity Commission ("EEOC") administrative law judge ("ALJ"), who was conducting a hearing relating to Plaintiff's Equal Employment Opportunity ("EEO") charge of discrimination and retaliation. Defendant also filed the deposition of Plaintiff taken by Defendant's counsel in this lawsuit, along with its exhibits. Doc. #22, 22-1.

"All deposition transcripts filed with the Clerk must include . . . the certificate described in Fed. R. Civ. P. 30(f)." S.D. Ohio Civ. R. 5.4(a). Also, to be considered by the Court, the transcripts normally must be properly authenticated. "A deposition or an extract therefrom is authenticated in a motion for summary judgment when it identifies the names of the deponent and the action and includes the reporter's certification that the deposition is a true record of the testimony of the deponent." *Alexander v. CareSource*, 576 F.3d 551, 560 (6th Cir. 2009) (quoting *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 774 (9th Cir. 2002)); *see also Carroll v. Holder*, No. 09-3093-CL, 2011 WL 7091804, at * 3 (D. Ore. Sept. 30, 2011) (authentication of testimony before EEOC ALJ requires offerant to attach cover sheet of hearing transcript and reporter's certification that transcript is true record of testimony).

Plaintiff's deposition and each excerpt of EEOC testimony included the name of the action and identified the name of the deponent. Doc. #20-1, PAGEID #75; Doc. #20-3, PAGEID#119; Doc. #20-5, PAGEID #143; Doc. #22, PAGEID #161. However, Defendant did not attach the cover sheet from the ALJ hearing. Nor did

6

Defendant attach the court reporter's signed certification for either the ALJ hearing or Plaintiff's deposition. Defendant's failure to attach the certification sheets means that his filings failed to comport with S.D. Ohio Civ. R. 5.4(a).

The Sixth Circuit does not mandate the exclusion of non-certified transcripts when, as in this case, the non-offering party does not question the authenticity of the transcripts. *Alexander*, 576 F.3d at 560. However, it is within the Court's discretion to do so, and other courts have excluded transcripts when, as with the proffered EEOC testimony, the offerant did not attach the cover sheet or the reporter's certification. *Carroll*, 2011 WL 7091804, at * 3 (EEOC ALJ hearing); *Snelling v. Chapin*, No. 1:09-cv-340, 2010 WL 5125579, at *3 (W.D. Mich. Nov. 1, 2010) (deposition). Moreover, Plaintiff herein did not sign a copy of the deposition, nor did she agree to waive signature. Doc. #22, PAGEID #180.

Considering the above, the Court concludes that Defendant has not made a *prima facie* showing that the deposition transcript and excerpts from the ALJ hearing are "true record[s] of the testimony." *Alexander*, 576 F.3d at 560. Thus, Defendant has failed to meet his authentication burden with respect to the testimony of Plaintiff, Carpenter, Graber and Mudhenk, and the Court will not consider their testimony in evaluating Defendant's motion.[2]

---

[2] As Plaintiff's testimony will not be considered, it may not be used to authenticate the exhibits from her deposition. Doc. #22-1. While Exhibit B contains the attestation of a Beth Caster that the document is "a true and accurate copy" of an "ORDER ENTERING JUDGMENT, DECISION, and NOTICE TO THE PARTIES" *id.*, PAGEID #186, it is not a certified copy, and there is no indication that Ms. Caster is the custodian of records. Thus, Exhibit B may not be self-authenticated under Fed. R. Evid. 902. Nor are any of the other exhibits self-authenticating. Given that Defendant offers no other means of authentication, the exhibits are also stricken and will not be considered.

### 2.    EEO Investigative Affidavits

In support of his motion, Defendant also attaches what purport to be EEO Investigative Affidavits, in which Carpenter, Graber and Mudhenk responded to questions from the USPS in connection with its investigation of Plaintiff's above-described EEO complaint.  However, the documents, while signed, are not notarized.  Doc. #20-2, PAGEID #118 (Carpenter); Doc. #20-4, PAGEID #138 (Garber); Doc. #20-6, PAGEID #154 (Mudhenk).  While the documents contain language that would be acceptable for unsworn declarations under penalty of perjury, 28 U.S.C. § 1746, they are offered as affidavits, not declarations.  Doc. #20, PAGEID #60.  "[I]t is axiomatic that an 'affidavit' which is unsigned and not notarized cannot qualify as proper Rule 56 evidence."  *Wright v. Asset Acceptance Corp.*, No. C-3-97-375, 2000 WL 33216031, at *5 (S.D. Ohio Jan. 3, 2000) (Rice, C.J.) (emphasis added).

Moreover, any argument that the documents could be otherwise authenticated is futile.  "To be admissible, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56."  *Weldon v. Warren Cty. Children Servs.*, No. 1:12-cv-279-HJW, 2013 WL 6256476, at *3 (S.D. Ohio Dec. 4, 2013) (Weber, J.) (citing 10A Wright, Miller & Kane, *Federal Practice and Procedure Civil 3d*, §2722 (1998)).  Defendant did not attach the documents to any affidavit, and thus, Defendant has failed to meet his Fed. R.

8

Evid. 901(a) burden with respect to them. Consequently, the documents must be stricken, and the Court will not consider them.[3]


### 3. Summary

Defendant has failed to produce any admissible and authenticated evidence that "demonstrates the absence of a genuine issue of material fact," and thus, has failed to meet his initial burden under Rule 56. *Celotex*, 477 U.S. at 323. Failure to meet this initial burden means that Defendant's motion for summary judgment must be overruled, except to the extent that Plaintiff's claims are otherwise precluded, as a matter of law.


## III. SEVERAL OF PLAINTIFF'S CLAIMS FAIL AS MATTERS OF LAW

### A. Plaintiff has Raised Claims that are Barred or for which Exhaustion of Administrative Remedies Has Not Been Demonstrated

Defendant argues that Plaintiff has failed to exhaust her administrative remedies with respect to her claim of hostile work environment in its entirety (Count III), her Rehabilitation Act claim, insofar as it arises from alleged failure to accommodate or denial of overtime (parts of Count II), and her claims of racial discrimination and retaliation via wrongful termination, insofar as they arise from

---

[3] As discussed above, Defendant's motion is being overruled in part without prejudice; if Defendant chooses to renew his motion, then he may re-submit the documents either as unsworn declarations under penalties of perjury or as attachments to an affidavit. If properly authenticated, then the Court would consider those documents in conjunction with any other acceptable Rule 56 evidence. Thus, the Court striking the purported affidavits does not prejudice Defendant.

alleged denial of overtime (parts of Counts I and V).  Doc. #20, PAGEID #71-73

(citing Doc. #1, ¶¶ 13, 16-20, PAGEID #3, 4); Doc. #32, PAGEID #314.

Exhaustion of administrative remedies is a jurisdictional prerequisite for

bringing a claim under Title VII or the Rehabilitation Act.  *Taylor v. Donahoe*, No.

09-2527, 452 F. App'x 614, 617 (6th Cir. 2011) (citing *Brown v. Gen. Servs.*

*Admin.*, 425 U.S. 820, 832, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976))

(Rehabilitation Act); *Tisdale v. Fed. Express Corp.*, 415 F.3d 516, 527 (6th Cir.

2005) (Title VII).  Under both Title VII and the Rehabilitation Act, an employee

must file an EEO discrimination charge "within 45 days of the matter alleged to be

discriminatory, or, in the case of personnel action, within 45 days of the effective

date of the action."  29 C.F.R. § 1614.105(a)(1).  To preserve her claim after

receiving a final agency decision, an employee must file suit within ninety (90)

days of receiving such notice.  42 U.S.C. § 2000e-16(c); 29 U.S.C. § 794a(a).

> **1.** **Racial Discrimination (Part of Count I), Rehabilitation Act (Parts of Count II) and Retaliation/Wrongful Termination (Part of Count V):  Allegations of Failure to Accommodate and Denial of Overtime Not Properly Before the Court**

In her memorandum in opposition, Plaintiff claims that with respect to her

overtime allegation, "Plaintiff alleged that overtime was not properly rotated from

March through June[,] 2012.  Plaintiff filed her action upon discovering that the

overtime issue existed.  Prior to that, postal employees had been lying to her about

their overtime status, which affected her knowledge of the violations."  Doc. #30,

PAGEID #295. Plaintiff does not state the date on which she became aware that she was denied overtime or when she filed her EEO charge. In her Rehabilitation Act claim, Plaintiff alleged that she "was not accommodated during her employment with Defendant," Doc. #1, ¶ 35, PAGEID #6, although she pled no additional facts regarding the alleged failure to accommodate. In her memorandum in opposition, Plaintiff claims that she requested and was denied an accommodation of using a stool while working in January, 2012. Doc. #30, PAGEID #280-81, 293-95.

In *Lyons v. Donahoe*, No. 3:13-cv-120, 2015 WL 457855 (S.D. Ohio Feb. 2, 2015) (Rice, J.) ("*Lyons I*")[4], this Court found that Plaintiff had failed to file an EEO charge within forty-five (45) days of being denied overtime, and held that "any of the claims stated in the Complaint that rely on Lyons' allegations of discriminatory assignment of overtime between March, 2012, and June, 2012, are dismissed with prejudice." 2015 WL 457855, at *6. Further, Plaintiff raised a failure to accommodate claim in *Lyons I* that was based on identical allegations as her present Rehabilitation Act claim. The Court in *Lyons I* dismissed Plaintiff's

---

[4] On April 18, 2013, Plaintiff filed her Complaint in *Lyons I*, alleging that Defendant failed to accommodate her disability between January, 2012, and September, 2012. No. 3:13-cv-120, Doc. #1, ¶¶ 6-7, PAGEID #2. She also alleged that "[f]rom March of 2012 to June of 2012[,] Plaintiff did not receive any overtime despite the fact that she had senior status over other (white) clerks that were being brought in for overtime. *Id.*, ¶ 9, PAGEID #3. As with the instant lawsuit, Plaintiff raised claims of racial discrimination (Count I), failure to accommodate in violation of the Rehabilitation Act (Count II), hostile work environment (Count III), breach of public policy (Count IV) and retaliation/wrongful termination (Count V). *Id.*, ¶¶ 15-39, PAGEID #4-7. On February 2, 2015, this Court sustained Defendant's motion for summary judgment, dismissing Counts I, III and V without prejudice, and dismissing Counts II and IV with prejudice. 2015 WL 457855, at *9.

11

failure to accommodate claim with prejudice as untimely, as she had failed to seek judicial review within ninety (90) days of receiving the final agency decision. *Id*.

 As the Court already considered Plaintiff's allegations of improper overtime and failure to accommodate, and issued rulings on the merits against Plaintiff, the doctrines of issue preclusion and *res judicata* bar Plaintiff from relitigating those issues in this lawsuit. *Cobbins v. Tennessee Dep't of Transp.*, 566 F.3d 582, 589 (6th Cir. 2009) ("[i]ssue preclusion, or collateral estoppel, bars subsequent relitigation of a fact or issue where that fact or issue was necessarily adjudicated in a prior cause of action and the same fact or issue is presented in a subsequent suit."); *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995) ("[t]he doctrine of *res judicata*, or claim preclusion, provides that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in a prior action.") (internal quotation marks and citation omitted).  Plaintiff's claims based on those allegations are not properly before the Court.

 Even if Plaintiff's improper overtime or failure to accommodate allegations were not barred by claim or issue preclusion, her EEO charge for the improper overtime allegations, and her seeking of judicial review for the failure to accommodate allegations, are no timelier now than they were in *Lyons I*. Thus, her claims would still fail as a matter of law to the extent they are based on those allegations, and to the extent her claims rely on those allegations, they are dismissed with prejudice.

12

  **2.**   **Plaintiff has Failed to Show Exhaustion of Remedies for Hostile Work Environment Claim (Count III)**

In her Complaint, Plaintiff alleged "that the Defendant maintained a hostile work environment and subjected Plaintiff" to that hostile environment.  Doc. #1, ¶ 16 PAGEID #4.  She claimed that the hostile environment "included but was not limited to being written up for phantom violations, being removed from work and subsequently being returned to work upon finding the removal was unjust, [and] being moved into a less desirable position for Plaintiff's seniority and expectant upward mobility."  *Id*., ¶ 19.  Defendant argues that Plaintiff failed to exhaust her administrative remedies for her hostile work environment claim, Doc. #20, PAGEID #73.  Plaintiff does not respond to Defendant's argument in her memorandum in opposition, and a fair reading of her Complaint suggests that "the alleged wrongs . . . represent discrete acts of alleged retaliation (or discrimination)," rather than the severe and pervasive discriminatory acts or insults that "contribut[e] to a hostile work environment."  *Taylor*, 452 F. App'x at 620.  There is no evidence that Plaintiff has exhausted her administrative remedies for a claim of hostile work environment that is distinct from the alleged discrete instances of discrimination and retaliation.  Absent evidence of exhaustion, the Court is without jurisdiction to hear her claim.  *Id*. at 617; *Tisdale*, 415 F.3d at 527.

As "the party invoking federal jurisdiction has the burden to prove that jurisdiction," *Global Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co., Ltd.*, 807 F.3d 806, 810 (6th Cir. 2015), the Court orders Plaintiff to show cause within

twenty-eight (28) days of this entry as to why her hostile work environment claim

(Count III) should not be dismissed for lack of subject matter jurisdiction.

Defendant may file a response within fourteen (14) days thereafter.

### B. Exclusivity of Remedies Bars Plaintiff's Claim for Breach of Public Policy (Count IV) in Full and Other Claims in Part

Defendant claims that Title VII and the Rehabilitation Act are Plaintiff's

exclusive remedies for her claims of employment discrimination.  Doc. #20,

PAGEID #70 (citing *Brown*, 425 U.S. at 835; *Wallace v. Henderson*, 138 F. Supp.

2d 980, 983-984 (S.D. Ohio 2000) (Rice, C.J.)).   Thus, Defendant argues,

Plaintiff's breach of public policy claim (Count IV), fails as a matter of law, as do

her claims of racial discrimination (Count I), violation of the Rehabilitation Act

(Count II) and retaliation (Count V), to the extent that those latter claims are

brought under 42 U.S.C. §§ 1981 and 1983 or Ohio Rev. Code § 4112.01.  Doc.

#1, ¶¶ 9, 21-26, PAGEID #3-5.  Plaintiff does not respond to Defendant's

argument in her memorandum in opposition.

### 1. Claims Brought Under 42 U.S.C. §§ 1981 and 1983 or Ohio Rev. Code § 4112.01

As Congress, in enacting Title VII, intended to create "an exclusive,

preemptive administrative and judicial scheme for redress of federal employment

discrimination," *Brown*, 425 U.S. at 829, the statute "provides the exclusive

judicial remedy for claims of discrimination in federal employment."  *Id*. at 835.

14

This Court, in *Wallace*, dismissed a retaliation claim brought under Ohio Rev. Code § 4112.02 because "Title VII provides Plaintiff's sole remedy for retaliation in the workplace." 138 F. Supp. 2d at 983-84. Other Courts have dismissed Title VII claims brought under 42 U.S.C. §§ 1981 and 1983 for the same reason. *Id.* at 983 (citing *Davis v. Runyon,* No. 96-4400, 142 F.3d 433 (Table), 1998 WL 96558 (6th Cir. Feb. 23, 1998); *Day v. Wayne Cty. Bd. of Auditors,* 749 F.2d 1199, 1204 (6th Cir. 1984)).

Moreover, the "Rehabilitation Act is a federal employee's exclusive remedy for employment related discrimination based on a disability." *Plautz v. Potter*, No. 04-6105, 156 F. App'x 812, 815 (6th Cir. 2005). In *Hall v. United States Postal Serv.*, a disability discrimination claim brought by a USPS employee under a Michigan civil rights law was dismissed "because the Rehabilitation Act provides the exclusive remedy for a federal employee's claim of [disability] discrimination." 857 F.2d 1073, 1076 (6th Cir. 1988); *accord*: *Adams v. Potter*, No. 05-5811, 193 F. App'x 440, 443 (6th Cir. 2006) ("the Rehabilitation Act . . . provides postal workers with their exclusive remedy for disability-based discrimination."). Accordingly, Plaintiff may not bring Title VII or Rehabilitation Act claims under 42 U.S.C. §§ 1981 and 1983 or Ohio Rev. Code § 4112.01, and to the extent Plaintiff attempted to bring her claims of racial discrimination (Count I), violation of the Rehabilitation Act (Count II), or retaliation (Count V) under those statutes, they must be dismissed.

15

### 2. Breach of Public Policy Claim (Count IV)

The viability of a breach of public policy claim under Ohio common law turns in part on whether there is a statute that expresses the public policy that is the subject of the common law claim (*e.g.*, non-discrimination in the workplace), and, if so, whether there are other sources of law that also express that same public policy. If a legislature, in enacting a statute, intended for that statute to constitute the complete expression of the public policy, supplanting any other source of the policy, then it is considered a "single source" public policy. A common law claim for breach of public policy is not viable when there is a single statutory source, and the statute "already provides adequate remedies to protect the public interest." *Kramer v. Windsor Park Nursing Home, Inc.*, 943 F. Supp. 844, 857 (S.D. Ohio. 1996) (Spiegel, J.), *abrogated on other grounds by Wathen v. Gen. Elec. Co.*, 115 F.3d 400 (6th Cir. 1997) (quoting *Collins v. Rizkana*, 73 Ohio St.3d 65, 73, 652 N.E.2d 653) (1995)).

However, when there are additional sources of law, such as a tort, which express the public policy besides the statute at issue, and the legislature did not intend for the statute to supplant other sources of the policy, then the policy at issue is a multiple source public policy. When such a policy is at issue, "the statute containing the right and remedy will not foreclose recognition of the tort on the basis of some other source of public policy, unless it was the legislature's intent to preempt common-law remedies." *Leininger v. Pioneer Nat'l Latex*, 115 Ohio St.3d 311, 2007-Ohio-4921, 875 N.E.2d 36, ¶ 24, *abrogated on other*

16

*grounds in Meyer v. United Parcel Serv., Inc.*, 122 Ohio St.3d 104, 2009-Ohio-

2463, 909 N.E.2d 106 (quoting *Collins*, 73 Ohio St.3d at 73); *see also Helmick v.*

*Cincinnati Word Processing, Inc.*, 45 Ohio St.3d 131, 135, 543 N.E.2d 1212

(1989), (holding that Ohio Rev. Code § 4112 "was intended to add protections for

victims of sexual harassment, rather than reduce the protections and remedies for

such conduct."  As "it would defy logic to conclude that the General Assembly

intended to make it impossible for victims of sexual harassment to obtain damages

when an employer's conduct constitutes a common-law tort," a plaintiff could

pursue a claim of sexual harassment under both the common law and Ohio Rev.

Code § 4112).

Title VII and the Rehabilitation Act express clear public policies against racial

and disability discrimination or retaliation in employment.  42 U.S.C. § 2000e-2;

*Kramer*, 943 F. Supp. at 856-57 ("the Rehabilitation Act and the ADA clearly

demonstrate that there is a public policy against discrimination based on

disability.").  Since as discussed above, those statutes are Plaintiff's exclusive

remedies for workplace racial and disability discrimination, and Plaintiff "has failed

to identify any statutory or other public policy, beyond those already granting her

right to relief, . . . there is a single source of the policy."  *Kramer*, 943 F. Supp. at

857 (Rehabilitation Act).[5]  Therefore, Plaintiff's breach of public policy claim would

---

[5] Even if Title VII was not considered a single-source public policy, "Congress intended it to be exclusive and pre-emptive."  *Brown*, 425 U.S. at 829.  Thus, Plaintiff would still be precluded from bringing a breach of public policy claim with respect to race discrimination (Count I) and retaliation (Count V).

17

be viable only if the remedies under Title VII and the Rehabilitation Act were inadequate. *Leininger*, 2007-Ohio-4921, ¶ 23. (when public policy at issue has single source, "a common-law claim was not recognized in a case in which the plaintiff had sufficiently broad and inclusive remedies through statutes and regulations.").

Title VII and the Rehabilitation Act provide for private rights of action and for monetary and equitable relief, where appropriate. *Hiler v. Brown*, 177 F.3d 542, 544 n.4 (6th Cir. 1999) ("[u]nder the Rehabilitation Act, an aggrieved federal employee is entitled to the remedies, procedures, and rights set forth in Title VII of the Civil Rights Act.") (internal quotation marks and citation omitted); *Wathen*, 115 F.3d at 406 (noting that after the Civil Rights Act of 1991, 42 U.S.C. § 1981a, was enacted, Title VII plaintiffs may obtain equitable relief, back pay and, if there was a finding of intentional discrimination, compensatory damages). Nowhere in her memorandum in opposition does Plaintiff claim that her remedies under Title VII or the Rehabilitation Act were inadequate. Consequently, Title VII and the Rehabilitation Act are Plaintiff's sole remedies for the discrimination and retaliation she allegedly suffered, and her breach of public policy claim is not viable.

Finally, Plaintiff has not claimed that she suffered harm independent of the alleged discrimination and retaliation. *See Wallace*, 138 F. Supp. 2d at 986 (holding that a claim based on a "'highly personal injury,' beyond retaliation . . . is not preempted by Title VII."). Accordingly, Plaintiff's breach of public policy claim (Count IV) is dismissed with prejudice in its entirety, and Plaintiff's racial

18

discrimination (Count I), Rehabilitation Act (Count II) and retaliation (Count V) claims are dismissed with prejudice to the extent they are brought under 42 U.S.C. §§ 1981 and 1983 or Ohio Rev. Code § 4112.01.

### C. Punitive Damages

As Defendant correctly notes, the USPS is a government agency exempt from punitive damages in Title VII actions. Doc. #20, PAGEID #73 (citing *Robinson v. Runyon*, 149 F.3d 507, 517 (6th Cir. 1988)). Government agencies, including the USPS, are also exempt from punitive damages for claims brought under the Rehabilitation Act. *Moreno v. Consol. Rail Corp.*, 99 F.3d 782, 791-92 (6th Cir. 1996). Consequently, Plaintiff's prayer for punitive damages, Doc. #1, ¶¶ 8-9, 15-16, 20-21, 25-26, 31-32, 36, PAGEID #2-7, is stricken.

### IV. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment, Doc. #20, is SUSTAINED IN PART WITH PREJUDICE AND OVERRULED IN PART WITHOUT PREJUDICE:

1. Counts I (Racial Discrimination), II (Rehabilitation Act) and V (Retaliation/Wrongful Termination) are DISMISSED WITH PREJUDICE, to the extent that they arise under 42 U.S.C. §§ 1981 and 1983 or Ohio Rev. Code § 4112.01, or are based on alleged denial of overtime;

2. Count II (Rehabilitation Act) is also DISMISSED WITH PREJUDICE, to the extent it is based on an alleged failure to accommodate;

3. Plaintiff is ordered to show cause within twenty-eight (28) days of this entry as to why Count III (Hostile Work Environment) should not be dismissed for lack of subject matter jurisdiction. Defendant may file a response within fourteen (14) days thereafter;

4. Count IV (Breach of Public Policy) is DISMISSED WITH PREJUDICE;

5. Plaintiff's prayer for punitive damages is stricken;

6. Defendant may submit a renewed motion on Plaintiff's remaining claims, if, with the renewed motion, he submits evidence that is admissible under Fed. R. Civ. P. 56, properly authenticated under Fed. R. Evid. 901(a) and in compliance with S.D. Ohio Civ. R. 5.4(a).[6] The briefing schedule on Defendant's renewed motion, if any, shall be governed by S.D. Ohio Civ. R. 7.2(a);

7. The trial date and other deadlines remain stayed pursuant to this Court's January 15, 2016, Notation Order; and

8. Counts I, II and V remain before the Court, to the extent that they do not arise under the statutes or factual bases set forth in paragraphs one and two.

---

[6] The Court notes that, if Defendant renews his motion for summary judgment, then Plaintiff may not rely on the majority of the materials submitted by Plaintiff in her memorandum in opposition to Defendant's motion, Doc. #30-1, 30-2, as those materials failed to meet the personal knowledge and admissible evidence requirements of Rule 56(c)(4).

Date: March 16, 2016

WALTER H. RICE
UNITED STATES DISTRICT JUDGE